GEORGE A. BRUCE *vs.* PLINY NICKERSON & another.

Middlesex. Nov. 12, 1885. — March 31, 1886. DEVENS & GARDNER, JJ., absent.

At the trial of an action to recover a sum of money paid by the plaintiff to the defendant for an interest in a mine, the plaintiff having offered evidence that he made the contract for the purchase of an interest in the mine on the oral representation of the defendant, and on the condition that certain written reports as to the condition and quality of the mine should be verified, the defendant called two witnesses, subscribers to the agreement for the purchase of the mine, but who were not present when the contract testified to by the plaintiff was made,

and asked them the question whether there was any condition between them and the defendant or the other subscribers about having the reports verified, or if there was any collateral agreement to which they were parties. *Held*, that this evidence was properly excluded, even if the subscribers were partners.

In an action to recover a sum of money paid by the plaintiff to the defendant for an interest in a mine, upon the ground that the payment was induced by false representations of the defendant that he had verified certain written reports as to the condition and quality of the mine, evidence that some of the subscribers to the agreement for the purchase of the mine had lent money to the company is inadmissible to prove the value of the stock.

CONTRACT. The declaration alleged that the plaintiff was induced to subscribe for an interest in a certain mine by the promise of the defendants to verify certain written reports as to the condition and quality of the mine, shown to him by them, before asking him for payment of his subscription; that the defendants subsequently represented to the plaintiff that they had fully verified said reports, and, relying upon that statement, the plaintiff paid to the defendants the sum of $2500; that said reports were false, and the defendants did not verify their correctness; and that the defendants owed the plaintiff said sum of $2500, and interest thereon. At the trial in the Superior Court, before *Knowlton*, J., the jury returned a verdict for the plaintiff; and the defendants alleged exceptions to the exclusion of certain evidence, the nature of which appears in the opinion.

*S. Lincoln & C. E. Grinnell*, for the defendants.

*A. E. Pillsbury*, for the plaintiff, was not called upon.

W. ALLEN, J. These exceptions present but two questions, both as to the admissibility of evidence.

The plaintiff having offered evidence that he made the contract for the purchase of an interest in the mine on the oral representation of the defendants, and on the condition that certain written reports as to the condition and quality of the mine should be verified, the defendants called two witnesses, subscribers to the agreement for the purchase of the mine, but who were not present when the contract testified to by the plaintiff was made, and asked them the question whether there was any condition between them and the defendants or the other subscribers about having the reports verified, or if there was any collateral agreement to which they were parties. The evidence was clearly incompetent. It is argued for the defendants that the representation testified to by the plaintiff was that the subscriptions

were conditional, referring to all the subscriptions, and that the reports were to be verified before anybody would be called upon to pay; and that therefore it was competent to prove that some of the subscriptions were not conditional, as showing the circumstances under which the plaintiff's contract was made, and the improbability that it was conditional. But we do not see that this varies the question, or leaves it anything but an offer to prove that the representations were not made to other subscribers as evidence that they were not made to the plaintiff.

It is argued that the subscribers were partners, and that the testimony offered is that of partners as to the terms of the co-partnership. But it is not competent, on the question whether one partner was induced to join the partnership by false representations as to its terms, to prove that others joined without such representations.

The fact that some of the subscribers to the agreement had lent money to the company would not be competent to prove the value of the stock; and the evidence offered to prove that fact was properly excluded.          *Exceptions overruled.*